**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| WASHINGTON D.C. SEATTLE CITY MANUFACTURING, INC. and JAYDEEN CATHERINE DELA CRUZ,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS, GUAM PROBATION OFFICE, GUAM DEPUTY MARSHALLS OFFICE, GUAM HOUSING AND URBAN RENEWAL AUTHORITY, and GUAM POLICE DEPARTMENT,<br><br>Defendants. | CIVIL CASE NO. 20-00036<br><br><br>**ORDER** |

    This matter is before the court on Plaintiff Jaydeen Catherine Dela Cruz's Application to Proceed Without Prepaying Fees or Costs (the "Application to Waive Fees"). *See* ECF No. 2.

**I. Application to Waive Fees**

    Ms. Dela Cruz is proceeding in this action *pro se*, without an attorney, and has requested to proceed without paying the required filing fee.[1] Section 1915(a)(1) permits a court to authorize a person to commence a civil action without prepaying the required filing fee if said

---

[1] Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $402 filing fee is required from the party instituting any civil action in federal court.

1

person "submits an affidavit [stating] that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Under this statute, federal courts can authorize the filing of a lawsuit without prepayment of fees or security by a person who submits an affidavit that includes a statement setting forth all the person's assets and demonstrates an inability to pay such costs or give such security.

The court has reviewed Ms. Dela Cruz's Application to Waive Fees, where she reports she has no income and no money in the bank. Applic. Waive Fees at ¶¶ 2 and 4. She further claims to owe $15,200 in monthly expenses. *Id.* at 6. While it appears that Ms. Dela Cruz has demonstrated that she does not have the resources to pay the filing fees, this does not end the court's inquiry. The court must still subject the Complaint to mandatory screening before allowing the case to move forward and issue summons, requiring an answer or responsive pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*).

**II. Screening Complaint**

Pursuant to 28 U.S.C. § 1915(e), the court is required to review the complaint and dismiss the case if the court determines that the action is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez*, 203 F.3d at 1126-27 (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim). "A complaint is frivolous within the meaning of § 1915(d) if it lacks an arguable basis either in law or in fact." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)).

When screening a complaint, the court is mindful that allegations of a *pro se* complaint are held to a less stringent standards than the pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se*

2

Case 1:20-cv-00036   Document 3   Filed 09/01/21   Page 2 of 8

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Ashcroft v. Iqbal*, 556 U.S. 662 (2007)). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

The court finds that the Complaint suffers a number of deficiencies. First, the Complaint names two plaintiffs – Ms. Dela Cruz and Washington D.C. Seattle Manufacturing, Inc. (the "Corporate Plaintiff"). It is unclear from the scant information provided in the Complaint what relationship, if any, exists between Ms. Dela Cruz and the Corporate Plaintiff, but a corporation may only appear in federal court through a licensed attorney. *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."). Ms. Dela Cruz is not a licensed attorney and therefore, she may not bring a lawsuit on behalf of a corporation.

Second, the Complaint indicates that the basis for the court's jurisdiction over this action is "Diversity of citizenship." Compl. at ¶ II, ECF No. 1. The court has diversity jurisdiction over cases where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is an action between citizens of different states. *See* 18 U.S.C. § 1332. According to the Complaint, Ms. Dela Cruz is a citizen of Guam and resides in Guam. *Id.* at ¶¶ I.A and II.B.1. Ms. Dela Cruz is suing five defendants, all of whom are either Government of Guam agencies or with a Guam address. *See id.* at ¶ I.B. Thus, it is clear from the Complaint that there can be no diversity of citizenship between the parties in this case.

Finally, ¶ III of the Complaint requires Ms. Dela Cruz to provide a "short and plain

3

statement of the claim." Therein, Ms. Dela Cruz has written "[b]ad customer service, poor reputation, salvery [*sic*], locked up in prison." *Id.* at ¶ III. Based on the sparse information provided, it appears Ms. Dela Cruz is complaining about the nature of the services she experienced at the government agencies. This claim, without more, is not one that arises under the Constitution, laws, or treaties of the United States. *See* 18 U.S.C. § 1331. The Complaint fails to allege a claim against any defendant which may be based upon a federal question since she cites to no violation of a federal statute, treaty or constitutional provision that would entitle her to relief against the defendants.

### III. Leave to Amend

When dismissing a complaint, a court should normally grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). *See also Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile [.]"

Here, leave to amend would be futile. First, with regard to any claim by the Corporate Plaintiff, Ms. Dela Cruz is not an attorney and thus it was improper for her to file this lawsuit on behalf of the Corporate Plaintiff. Second, the court has no diversity jurisdiction over any of the claims because Ms. Dela Cruz and the defendants are all citizens of Guam. Finally, the court has no federal question jurisdiction over the alleged claims of bad customer service at the government agencies.

### IV. Vexatious Litigant

Ms. Dela Cruz has repeatedly filed Complaints before this court that lack jurisdiction and/or fail to state a claim. There are a total of 58 cases filed by Ms. Dela Cruz that this court dismissed (this case included).

4

Case 1:20-cv-00036   Document 3   Filed 09/01/21   Page 4 of 8

A vexatious litigant is one with a history of abuses of the judicial process. *See De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). To prevent the continued abuses, federal courts have been granted inherent authority to regulate the activities of vexatious litigants through the imposition of carefully tailored restrictions under appropriate circumstances, such as a pre-filing order pursuant to 28 U.S.C. § 1651(a). *Id.* Such restrictions, however, should be used sparingly and only under extreme circumstances. *Id.* at 1147. Accordingly, the Ninth Circuit has set forth the following guidelines before entering a pre-filing order: (a) adequate notice to the plaintiff to oppose a restrictive pre-filing order before it is entered; (b) presentation by the trial court of an adequate record for review; (c) substantive findings concerning the frivolous or harassing nature of the plaintiff's filings; and (d) a narrow tailoring of the order to remedy the abuses. *Id.* 1147-48.

    **a. Notice**

The court gives notice to Ms. Dela Cruz that the court intends to declare Ms. Dela Cruz a vexatious litigant. Ms. Dela Cruz shall have until September 15, 2021 to respond to this court and explain why she should not be declared a vexatious litigant.

    **b. Record for Review**

Below is a list of cases that Plaintiff had filed in this court, all of which were dismissed.

1. CV 16-00013, *Dela Cruz v. Guam Telephone Authority*
2. CV 16-00014, *Dela Cruz v. Government of Guam Federal Credit Union*
3. CV 16-00016, *Dela Cruz v. Dial Rent to Own*
4. CV 16-00017, *Dela Cruz v. Home Depot*
5. CV 16-00018, *Dela Cruz v. MCB*
6. CV 16-00019, *Dela Cruz v. Collection Agency of Guam, Inc.*
7. CV 16-00020, *Dela Cruz v. NFCU Navy Federal Credit Union*
8. CV 16-00026, *Dela Cruz v. Director, Department of Revenue and Taxation*
9. CV 16-00027, *Dela Cruz v. Director, Department of Revenue and Taxation*
10. CV 16-00028, *Dela Cruz v. Director, Department of Revenue and Taxation*

11. CV 16-00029, *Dela Cruz v. Director, Department of Revenue and Taxation*
12. CV 16-00030, *Dela Cruz v. Director, Department of Revenue and Taxation*
13. CV 16-00031, *Dela Cruz v. OMSC Exchange New Car Sales*
14. CV 16-00032, *Dela Cruz v. Aston Inn on the Bay (Agat) et al.*
15. CV 16-00034, *Dela Cruz v. GGFCU Government of Guam Employees Federal Credit Union*
16. CV 16-00035, *Dela Cruz v. Director, Department of Revenue and Taxation*
17. CV 16-00036, *Dela Cruz v. Department of Revenue and Taxation*
18. CV 16-00037, *Dela Cruz v. Department of Revenue and Taxation*
19. CV 16-00038, *Dela Cruz v. Department of Revenue and Taxation*
20. CV 16-00039, *Dela Cruz v. Department of Revenue and Taxation*
21. CV 16-00040, *Dela Cruz v. Department of Revenue and Taxation*
22. CV 16-00048, *Dela Cruz v. Government of Guam Federal Credit Union*
23. CV 16-00049, *Dela Cruz v. Government of Guam Federal Credit Union*
24. CV 16-00050, *Dela Cruz v. Guam Housing*
25. CV 16-00051, *Dela Cruz v. Depart. Of Mental Health and Substance Abuse*
26. CV 16-00052, *Dela Cruz v. D.O.C.*
27. CV 16-00053, *Dela Cruz v. Navy Base (Police)*
28. CV 16-00054, *Dela Cruz v. Navy Base Housing (ConNavMar)*
29. CV 16-00060, *Dela Cruz v. Camacho*
30. CV 16-00061, *Dela Cruz v. GGFCU The People's Bank Government of Guam Employees Federal Credit Union*
31. CV 16-00062, *Dela Cruz v. Guam Housing (GHURA) and Urban Renewal et al.*
32. CV 16-00063, *Dela Cruz v. Bank of Guam*
33. CV 16-00064, *Dela Cruz v. Bank of Guam*
34. CV 16-00065, *Dela Cruz v. C.P.S. Check Plus Systems*
35. CV 16-00067, *Dela Cruz v. D.O.A. Payroll for Government of Guam Employees*
36. CV 16-00068, *Dela Cruz v. D.O.A. Payroll for Government of Guam Employees*
37. CV 16-00069, *Dela Cruz v. D.O.A. Payroll for Government of Guam Employees*
38. CV 16-00072, *Dela Cruz v. Day by Day Store*
39. CV 16-00073, *Dela Cruz v. Bank of Hawaii*
40. CV 18-00037, *Washington D.C. Seattle et al. v. Navy Federal Credit Union*
41. CV 18-00038, *Washington D.C. Seattle et al. v. Bank of Guam Santa Cruz Branch et al.*
42. CV 20-00034, *Washington D.C. Seattle et al. v. Department of Public Health and Social Services et al.*
43. CV 20-00035, *Washington D.C. Seattle et al. v. Department of Labor*

*et al.*
44. Present case- CV 20-00036, *Washington D.C. Seattle et al. v. Department of Corrections et al.*
45. CV 20-00037, *Washington D.C. Seattle et al. v. Guam Election Commission et al.*
46. CV 20-00039, *Washington D.C. Seattle et al. v. v. Guam Police Department et al.*
47. CV 20-00040, *Washington D.C. Seattle et al. v. Guam Police Department et al.*
48. CV 20-00041, *Washington D.C. Seattle et al. v. Department of Revenue and Taxation et al.*
49. CV 20-00042, *Washington D.C. Seattle et al. v. Department of Mental Health and Substance Abuse*
50. CV 20-00044, *Washington D.C. Seattle et al. v. Department of Labor et al.*
51. CV 20-00045, *Washington D.C. Seattle et al. v. Department of Public Health and Social Services et al.*
52. CV 21-00001, *Washington D.C. Seattle et al. v. Department of the Navy (DOD) Retirement Funds et al.*
53. CV 21-00002, *Washington D.C. Seattle et al. v. Environmental Protection Agency et al.*
54. CV 21-00003, *Washington D.C. Seattle et al. v. Guam Housing and Urban Renewal Authority et al.*
55. CV 21-00004, *Washington D.C. Seattle et al. v. Guam Public Library System et al.*
56. CV 21-00005, *Washington D.C. Seattle et al. v. Department of Administration et al.*
57. CV 21-00006, *Washington D.C. Seattle et al. v. Guam Regional Transit Authority et al.*
58. CV 21-00007, *Washington D.C. Seattle et al. v. Guam Homeland Security Office of Civil Defense et al.*

    c. **Frivolous or Harassing Filings**

The third factor requires substantive findings concerning the frivolous or harassing nature of the plaintiff's filings. "To determine whether a litigant's actions are frivolous or harassing, the district court must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski v. Evergreen Dynasty Corp.* 500 F.3d 1047, 1059 (9th Cir. 2007) (citations and quotation marks omitted). "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* "It is also frivolous for a claimant who has some measure of a legitimate

claim to make false factual assertions." *Id.* at 1060. A person "may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Id.* at 1062.

Here, Ms. Dela Cruz has filed a total of 58 cases in the District Court of Guam. All of them were dismissed (this instant case included) either for lack of jurisdiction, for failure to state a claim, and/or failure to prosecute. All the Complaints filed also contain unsupported prayer for relief and crosses the line of ridiculousness, such as "$980 hundred zillion thousand dollars," *e.g.*, CV 20-00036, ECF No. 1; and "$9,500,000,000,000.00," *e.g.*, CV 16-00054, ECF No. 1. Said filings have crossed the line from permissible use of the judicial process to flagrant abuse, wasting this court's time and resources.

### d. Narrowly Tailored Order

Given Ms. Dela Cruz's long history of filing meritless claims against various government agencies and private companies and corporations, the court is inclined to enjoin Ms. Dela Cruz from filing any complaint, motion, or other document in the District Court of Guam against any defendants unless and until such a filing is first approved by this court. As noted above, the court will give Ms. Dela Cruz an opportunity to be heard through her pleading, which shall be filed no later than September 15, 2021. Thereafter, the court will then make its final ruling whether it will declare Ms. Dela Cruz a vexatious litigant.

### V. Conclusion

For the reasons stated above, the above-captioned matter is DISMISSED with prejudice. In addition, Ms. Dela Cruz has until September 15, 2021 to respond to the court on why it should not declare Ms. Dela Cruz a vexatious litigant.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
        Chief Judge
Dated: Sep 01, 2021